# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL L. WINSTON,<br><br>                            Plaintiff,<br>v.<br><br>DAVID A. CLARK,<br>KEONA GARTH-DICKENS,<br>JEFFREY ANDRYKOWSKI, LT. REEVES,<br>LT. RECKLESS, BRANDON LAWLER,<br>JOSHUA MIKULECKY, D. ADAMS,<br>D. BLUE, OFFICER BROOKS,<br>OFFICER SPITTLEMEISTER,<br>OFFICER COPELAND, D. BRODSKY,<br>CHRISTINE BECKER, DOROTHY GREER,<br>FREDERICK PORLUCOS, MAI XIONG,<br>and TERRI GOUDY<br><br>                            Defendants. | Case No. 15-CV-1398-JPS<br><br><br><br><br><br>**ORDER** |

       The Court takes up two of the plaintiff's outstanding motions, as they are ripe for decision. On November 16, 2016, the plaintiff filed a motion for a preliminary injunction, requesting that the Court order the defendants to provide him adequate clothing and shoes upon his return to the Milwaukee County Jail (the "Jail"). (Docket #58 and #59). The plaintiff must establish the following to warrant entry of the requested preliminary injunction: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *D.U. v. Rhoades*, 825 F.3d 331, 335 (7th Cir. 2016) (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "A preliminary injunction ordering [a] defendant to take an affirmative act rather than merely refrain from specific conduct," as is the case here, "is 'cautiously viewed and sparingly issued.'"

*Knox v. Shearing*, 637 Fed.Appx. 226, 228 (7th Cir. 2016) (quoting *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997)). A preliminary injunction is "an extraordinary remedy and is never awarded as of right." *Id.* (quoting *Winter*, 555 U.S. at 24).

The plaintiff has failed to show entitlement to this extraordinary remedy. First, beyond his speculation that he will return to the Jail "every so often," the only concrete date the plaintiff provided for a return visit, December 8, 2016, has already passed. (Docket #59 at 3; Docket #60 at 1). The lack of a potential future injury undermines his claim for an injunction. *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) ("Higgason stated in response to the summary judgment motion that 'upon his release from disciplinary segregation [at WVCI], his return to the parent institution from whence he came [ISP] is a virtual certainty.' However, such an allegation does not amount to a 'showing' or a 'demonstration' of the likelihood of retransfer; Higgason has not pointed to anything in the record supporting his estimate of 'virtual certainty.'").

Second, in light of the parties' competing evidence on the merits, the Court cannot conclude that the plaintiff has shown anything approaching a *likelihood* of success on the merits. *See* (Docket #60, #66, and #67). Finally, the weakness of the merits issue is viewed in combination with the plaintiff's failure to demonstrate that money damages would be an inadequate remedy. *Rhoades*, 825 F.3d at 338 (Seventh Circuit's sliding scale approach considers the merits and irreparable harm issues together). Because of the nebulous possibility of his return to the Jail for any extended period, and the cautious approach required for issuing preliminary injunctions, the Court concludes that the plaintiff has not shown a likelihood of irreparable harm. The motion for preliminary injunction will, therefore, be denied.

On December 12, 2016, the plaintiff filed a motion to strike the defendants' answer. (Docket #73 and #74). Motions to strike answers and affirmative defenses are not favored "and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co., Inc.*, 944 F.3d 1388, 1400 (7th Cir. 1991). The motion must be denied for two reasons. First, the plaintiff does not identify any specific pleadings in the answer or affirmative defenses which he believes are deficient, but instead asserts that a "the court will find that the majority of the defendants['] assertions if not all of them are false pleadings." *Id.* The Court rejects this shotgun approach; it is incumbent upon the plaintiff to make his own arguments, and the Court will not do his work for him. Second, the plaintiff has not shown that the defendants can prove no set of facts entitling them to their defenses. This is especially true in light of the pending summary judgment briefing, which the plaintiff himself cites. *See* (Docket #70, #71, #82, #84, and #85). The motion to strike must also be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a preliminary injunction (Docket #58) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike (Docket #73) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Page 3 of 3

Case 2:15-cv-01398-JPS   Filed 01/12/17   Page 3 of 3   Document 87