UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL L. WINSTON,

                Plaintiff,

v.

DAVID A. CLARK,
KEONA GARTH-DICKENS,
JEFFREY ANDRYKOWSKI, LT. REEVES,
LT. RECKLESS, BRANDON LAWLER,
JOSHUA MIKULECKY, D. ADAMS,
D. BLUE, OFFICER BROOKS,
OFFICER SPITTLEMEISTER,
OFFICER COPELAND, D. BRODSKY,
CHRISTINE BECKER, DOROTHY GREER,
FREDERICK PORLUCOS, MAI XIONG,
and TERRI GOUDY

                Defendants.

Case No. 15-CV-1398-JPS

**ORDER**

On December 22, 2016, the plaintiff filed a motion to compel discovery responses from the defendants. (Docket #75). The defendants responded on January 12, 2017. (Docket #86). The plaintiff has not offered a reply. For the reasons stated below, the motion must be denied.

The plaintiff seeks to compel responses to four sets of requests. First are requests for production of documents from August 25, 2016. There, the plaintiff asked for various reports from the Milwaukee County Jail's ("Jail") health services administrator for 2012 to 2016. (Docket #86 at 2).[1] The defendants have interposed two valid objections. First, the plaintiff's claims stem from 2012 and 2013, and so a request for reports from a later time

---

[1] The requests the plaintiff seeks to compel were not attached to his motion. The Court is left to cite the defendant's recitation of those requests in its response.

period is not properly limited. Second, even as to the timely reports, the defendants aver that the documents are not in their possession. The defendants informed the plaintiff of this and even attempted to retrieve them from the entity that possesses them, to no avail. They need not do any more to assist the plaintiff in his lawsuit against them.

The second subject request is dated November 9, 2016. It seeks logs identifying the officers who worked on the "special needs 2nd floor" for the time periods of July 28, 2013 to August 28, 2013 and September 13, 2013 to December 2, 2013. *Id.* at 3. The defendants again objected that these requests exceed the time span of the events of the complaint. In any event, the requests are too broad; they are not tailored to request the identities of the officers who worked with the plaintiff himself during his stay at the Jail or in the "special needs" area. The defendants note that those logs relevant to him have already been produced.

The third request, from September 30, 2016, asked for logs of the plaintiff's treatment for MRSA in the Jail. *Id.* at 4. The plaintiff asserts that some of the logs are missing. (Docket #76 at 3-4). He states that they will establish which of the defendants worked during his MRSA treatments and whether they directed anyone to clean his cell. *Id.* at 4. The defendants state that they have produced the logs for the time period in which the plaintiff was receiving treatment, and have in fact included some beyond that time. To the extent they did not produce other logs based on a time objection, it was again proper in light of the plaintiff's stated reason for seeking the logs. He wanted to know which officers worked during his treatments and what actions they took (or did not take) with regard to his cell, and he has been provided that information.

The fourth and final issue involves a discovery response from the defendants referencing an "Exhibit B." (Docket #86 at 4-5). The defendants inadvertently sent the plaintiff the wrong exhibit but have now corrected the mistake. In sum, the plaintiff has either been provided all of the discovery responses he sought or the responses were curtailed subject to a valid objection. The motion to compel must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to compel (Docket #75) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge