# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL L. WINSTON,

                Plaintiff,

v.

DAVID A. CLARK, KEONA GARTH-DICKENS, OFFICER COPELAND, OFFICER JOSHUA MIKULECKY, OFFICER D. ADAMS, OFFICER D. BLUE, OFFICER BROOKS, D. BRODSKY, CHRISTINE BECKER, DOROTHY GREER, and FREDERICK PORLUCOS,

                Defendants.

Case No. 15-CV-1398-JPS
7th Cir. Case No. 17-3009

**ORDER**

On October 16, 2017, the Court granted Plaintiff's request to proceed with his appeal *in forma pauperis* and assessed an initial partial filing fee ("IPFF") of $0.63. (Docket #149). Plaintiff has now requested that he be permitted to use funds from his release account for payment of the IPFF. (Docket #150).

This Court has the authority to order disbursements from a prisoner's release account for payment of an IPFF. *See, e.g., Doty v. Doyle*, 182 F. Supp. 2d 750, 751 (E.D. Wis. 2002) (noting that "both the Wisconsin Prison Litigation Reform Act…and the federal Prison Litigation Reform Act [("PLRA")] . . . authorize the courts to order that . . . a prisoner's release account be made available [to pay an IPFF]"). While the Court will not permit Plaintiff to tap into his release account for the entirety of his filing fee, or other litigation costs, *see Wilson v. Anderson*, No. 14-CV-0798, 2014

WL 3671878, at *3 (E.D. Wis. July 23, 2014), it will grant Plaintiff permission to use funds from that account solely for the purpose of paying the IPFF. Plaintiff shall ensure that the IPFF of $0.63 is paid to the Clerk of the Court on or before **November 13, 2017**.

Next, Plaintiff has requested that the Court order Columbia Correctional Institution ("CCI"), where he is currently incarcerated, to extend him a legal loan that would cover the cost of copies and postage for his appellate filings. (Docket #151). The Wisconsin Department of Corrections' legal loan program advances funds to inmates for expenses such as filing fees, paper, and postage under certain circumstances. Wis. Adm. Code § DOC 309.51. But the Seventh Circuit has made clear that inmates are responsible for managing their own legal loans. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). In *Lindell,* the court explained that an inmate has "no constitutional entitlement to subsidy . . . to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund." *Id.* (quotation omitted). Plaintiff's attempt to convince Wisconsin to extend him more credit for his legal endeavors is "a matter strictly between him and Wisconsin, and not any business of the federal courts." *Id.* Plaintiff's motion to compel CCI to extend him a legal loan will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to pay his initial partial filing fee for his appeal with release account funds (Docket #150) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall release $0.63 from Plaintiff's release account for payment of the initial partial filing fee;

**IT IS ORDERED** that Plaintiff's motion for an order directing Columbia Correctional Institution to extend him a legal loan (Docket #151) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the plaintiff is confined; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin, this 3rd day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge