# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL L. WINSTON,

          Plaintiff,

v.

DAVID A. CLARK, KEONA GARTH-DICKENS, OFFICER D. BLUE, OFFICER BROOKS, OFFICER D. ADAMS, OFFICER JOSHUA MIKULECKY, DOROTHY GREER, FREDERICK PORLUCOS, OFFICER COPELAND, D. BRODSKY, and CHRISTINE BECKER,

          Defendants.

Case No. 15-CV-1398-JPS

**ORDER**

On September 25, 2017, the Court granted Defendants' motion for summary judgment and dismissed this action for Plaintiff's failure to exhaust his administrative remedies. (Docket #136). The evidence regarding exhaustion had been disputed. *Id.* at 6–8. The Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), instructs that in such circumstances, the district court should generally hold a hearing to resolve the dispute; the issue of exhaustion is one for the court, not a jury, to decide. (Docket #136 at 8–9).

The Court acknowledged *Pavey*'s directive but determined that a hearing was unnecessary. *Id.* at 9. The Court found that Plaintiff's evidence was simply not credible. *Id.* at 9–12. More importantly, Plaintiff had presented all of the evidence he desired in his summary judgment submissions, including documentary evidence and affidavit testimony. *Id.*

at 9–12. Holding a hearing to take live testimony from the parties would impose great expense on the public with no corresponding benefit to the Court's determination of the issue. *Id.* at 12–13.

Plaintiff appealed the dismissal of this action on September 28, 2017. Almost a year later, the Court of Appeals reversed this Court's decision. (Docket #161). It held that factual disputes regarding exhaustion of remedies *must*, rather than may, be resolved at a *Pavey* hearing. *Id.* at 3–4. In its words, "[e]ither party could be lying, and the American judicial system's preferred tool for sniffing our falsehoods is the testimonial process." *Id.* at 4.

The Court has already determined that Plaintiff's evidence is not credible. It is nigh certain that he will present precisely that same evidence at a *Pavey* hearing. Thus, in accordance with the provisions found in 28 U.S.C. § 455(a), to ensure that the hearing and ultimate determination of the exhaustion issue, are not tainted by the Court's prior ruling, the undersigned is obliged to recuse from any further participation in this case.

Accordingly,

**IT IS ORDERED** that the undersigned **RECUSES** from this matter and directs that the case be reassigned by the Clerk of the Court.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge